HENRY WARNE *et al.*, Appellants, *v.* LAWRENCE M. BAKER, Appellee.

## APPEAL FROM KANE.

The statute allows an appeal to supervisors, from a decision of commissioners of highways, when the highway to be laid out, relocated, etc., is on the line between two towns.

BAKER filed a declaration in trespass, containing four counts, that defendants, Warne and Bowne, on the first, tenth, fifth and twenty-sixth days of February, 1859, broke and entered plaintiff's close, to wit, the east half of the south-east quarter of Section 31, in Township 41 north, of Range 7 east, and the east half of lot 2 of the north-east quarter of Section 6, in Township 40, Range 7 east of the third principal meridian, in the county of Kane and State of Illinois, to his damage of three hundred dollars.

Warne and Bowne filed a plea of not guilty, and two special pleas: first, that defendants were highway commissioners of the town of Campton, in Kane county; that before and at the time, etc., a public highway had been laid out and ordered to be opened on the town line between the towns of Campton and Plato, in said county, and upon and across the close in question. That so much of said road as crossed the said close had been duly allotted to the town of Campton, as a road district to keep open and in repair. That plaintiff Baker was duly notified to remove the said fences out of such road; that he refused to do so. The defendants, as such commissioners, removed the said fences, which are the trespasses complained of. Second plea, that said close was a public highway, etc.

Plaintiff filed replications to defendants' pleas, that there was not a public highway laid out, etc.

A jury found the defendants guilty, and assessed the damages at five dollars. Defendants' motion for a new trial was overruled.

On the trial, the plaintiff proved that he was the owner and in possession of premises described in his declaration, and defendants entered upon and removed about four rods of fence at two points on the town line between the towns of Plato and Campton, in Kane county. That they were acting highway commissioners for the town of Campton, and claimed that said fences which they removed were within the line of a public road, which they claimed had been regularly laid out upon the line between the said towns of Campton and Plato.

The defendants then offered as evidence certified copies from

the files and records of the respective town clerks' offices of said towns of Campton and Plato, the authenticity of which was duly proven, to show that the road had been duly relocated by the appropriate authorities, etc., and that proper notice had been given to remove the fence. Which evidence the court, I. G. WILSON, Judge, presiding, rejected.

The following are the errors assigned :

The court erred in refusing to allow the evidence offered by the defendants to be given to the jury.

The Circuit Court erred in giving the instructions to the jury as asked by the plaintiff below.

GLOVER, COOK & CAMPBELL, for Appellants.

W. D. BARRY, for Appellee.

CATON, C. J. The decision of the court in ruling out the evidence offered, raises the question, whether the statute allows an appeal to be taken from the decision of the commissioners of highways to supervisors, when the road in controversy is on the line between two towns.

The eighth section of the twenty-fourth article of the law of 1851, provides for an appeal from an order of the commissioners, in altering, relocating or laying out a new road, by any person or persons aggrieved, to three supervisors of the county, but not of the town, in which the road is located, at any time within twenty days after the order of the commissioners is filed with the town clerk. This appeal had to be addressed to the supervisors by name. The statute then, in sections nine, ten, eleven, twelve and thirteen, describes the proceedings on the appeal. The fourteenth section provides for an appeal from the decision of the commissioners, where they refuse to alter, relocate or to lay out a new road, and says the appeal shall be taken " in the same manner, and subject to the same provisions and restrictions " as in the other case. These are the provisions allowing appeals from the decisions of commissioners to three supervisors, under the law of 1851. The amendment of 1857 makes no change as to the right of appeal, but requires that the application for appeal shall be made to the town clerk, who selects and notifies the supervisors before whom the appeal is tried.

The twentieth section provides, " whenever the commissioners of highways of any town receive a petition, praying the location of a new road, alteration or discontinuance of an old one, upon the line between two towns, such road shall be laid out, altered or discontinued, by two or more of the commission-

ers of highways of each of said towns, either upon such line, or as near thereto as the convenience of the ground will admit, and they may so vary the same, either to the one or the other side of such line, as they may think proper." Under this section, application was made to commissioners of these two towns, who refused to relocate the road on the town line, and an appeal was taken to three supervisors of the county, who reversed the order of the commissioners, and granted the prayer of the petitioners by the location of the road on the town line. And it is now insisted that no appeal is allowed where the road is upon a town line. We are unable to see the least force in this position. There is the same necessity for the appeal in the one case as in the other, and the eighth and fourteenth sections of the law of 1851 give the appeal, in all cases, without distinction. In the law of 1857, the legislature uses the word *clerk* in the singular only, while in this case, it was necessary to take the appeal to the clerks of the two towns, who jointly selected the supervisors who tried the appeal. This is but an assimilation of the law to the exigencies of the case, and thus meeting the requirements of the spirit of the law. The law gives the appeal, and if there were a deficit in the provisions prescribing the detail of the practice, that would not destroy the right, but it would be the duty of the courts, and of those who are to administer the law, to adopt a practice conformable to its requirements.

The court erred in ruling out the evidence, and its judgment is reversed, and the cause remanded.

*Judgment reversed.*